IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 OCT 18 A 9:50

P. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KRISTY THOMPSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:06CV943-WKW |
| | ) | |
| ACADEMY COLLECTION SERVICE, INC. | ) | **JURY DEMAND** |
| | ) | |
| DEFENDANT. | ) | |

## **COMPLAINT**

### **I. INTRODUCTION:**

1.   This is a Complaint for damages for actual, statutory, and punitive damages brought by the Plaintiff, Kristy Thompson, against the Defendant, Academy Collection Service, Inc., for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA"); the Defendant's invasion of the Plaintiff's right of privacy; the Defendant's intentional infliction of emotional distress; and the Defendant's, negligent supervision.

### **II. JURISDICTION AND VENUE:**

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue in this district is proper in that the Defendant regularly transacts business here and the conduct complained of occurred here.

### **III. PARTIES:**

4.   The Plaintiff is a resident citizen of the State of Alabama.

5. The Defendant, Academy Collection Service, Inc. (hereinafter, "Academy Collection"), is a Pennsylvania corporation engaged in the debt collection business with its principal place of business being located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154. The Defendant's principal purpose is to collect debts using the mail and telephone. The Defendant, Academy Collection, regularly attempts to collect debts alleged to be due another.

6. The Defendant, Academy Collection, is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS:

7. On or about early June 2006, the Defendant telephoned the Plaintiff's place of employment leaving a message that they (the Defendant) were her bank, and needed her to call them back. This message was left with a co-worker.

8. On or about early June 2006, the Defendant contacted Plaintiff's place of employment leaving a message with a co-worker advising the co-worker that they (the Defendant) were calling about some results.

9. On or about June 8, 2006, at approximately 12:11 p.m., a collector identifying himself as Nick Marchell (hereinafter "Marchell"), contacted Plaintiff at her place of employment and advised her that he was calling from the legal offices of Defendant regarding a CitiBank account. During the conversation, Plaintiff advised Marchell not to contact her at her place of employment as she was not allowed to accept personal telephone calls.

10. On or about June 9, 2006, at approximately 8:19 a.m., Marchell once again contacted Plaintiff at her place of employment, and identified himself as calling from the legal offices of Defendant. During the course of the telephone conversation Marchell threatened to garnish Plaintiff's wages, and also advised that he would continue to call until Plaintiff paid $1,900.00. During the course of

the telephone conversation, Plaintiff repeatedly requested that Marchell not contact her at her place of employment. Marchell refused and informed the Plaintiff that he would continue to call as often as he desired.

11. On or about June 9, 2006, at approximately 2:56 p.m., a collector of the Defendant identifying herself as Ms. Newman contacted Plaintiff at her place of employment regarding a CitiBank account.

12. On or about June 13, 2006, a person identifying himself as calling from the legal offices of Defendant spoke with Plaintiff's co-worker, April Messer, and inquired of Plaintiff's location. The collector also questioned whether Plaintiff was out sick or on vacation.

13. On or about June 21, 2006, at approximately 12:10 p.m., a collector identifying herself as Rachel Calon (hereinafter, "Calon"), contacted the Plaintiff at work in an attempt to collect on a CitiBank account. Plaintiff repeatedly advised the Defendant that she did not have the money to pay the debt, and repeatedly asked the Defendant not to contact her at work. Calon stated that she would continue to contact the Plaintiff at her place of employment until a repayment agreement was reached between the Defendant and the Plaintiff.

14. On or about June 23, 2006, at approximately 1:15 p.m., a collector identifying himself as Ty Mixon with Defendant, Academy Collection, left a message with one of Plaintiff's co-workers, and requested that the Plaintiff contact the Defendant at 1-800-220-0605 extension 2741.

15. On or about July 7, 2006, a collector identifying himself as Mark contacted the Plaintiff at her place of employment and inquired about payment on a CitiBank account. Once again, the Plaintiff asked the Defendant not to telephone her place of employment, and stated that she did not have the money to pay the debt.

## COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

16. Plaintiff, Kristy Thompson, adopts and incorporates paragraphs 1 through 15 as if fully set out herein.

17. The Defendant violated 15 U.S.C. §§ 1692e & 1692e(10) by using false, deceptive, or misleading communications with the Plaintiff during the course of numerous telephone calls to the Plaintiff's place of employment and in connection with the Defendant's collection of a debt.

18. The Defendant violated 15 U.S.C. § 1692e(3) by falsely representing that the communication was from an attorney or law office.

19. The Defendant violated 15 U.S.C. § 1692e(4) by representing that non-payment of the CitiBank debt would result in garnishment even though such action was not lawful insomuch as a lawsuit had not been filed, and the debt reduced judgment. Furthermore, the Defendant did not intend to take such action.

20. The Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action which could not legally be taken or that was not intended to be taken.

21. The Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at a place known or which should have been known to be inconvenient to the consumer.

22. The Defendant violated 15 U.S.C. § 1692c(a)(3) by communicating with the Plaintiff at her place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibitted the Plaintiff from receiving such debt collection telephone calls.

23. The Defendant violated 15 U.S.C. § 1692d by engaging the Plaintiff in telephone conversation with the natural consequences being to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendant violated 15 U.S.C. § 1692d(5) by engaging the Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff.

25. As a proximate cause of the Defendant's actions, the Plaintiff was caused great mental anguish, physical sickness, inconvenience, embarrassment, fear, anxiety, nausea, loss of sleep, shame, and other emotional distresses.

## COUNT II - INVASION OF THE RIGHT OF PRIVACY

26. Plaintiff, Kristy Thompson, adopts and incorporates paragraphs 1 through 25 as if fully set out herein.

27. The Defendant undertook a series of telephone calls and communications to the Plaintiff constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama. Said communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiff's right to privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiff into paying a claim, debt, or indebtedness.

28. The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff would prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendant and other individuals who held themselves out to be collectors and employees of Defendant, Academy Collection, and persons and agents acting on behalf of Defendant, Academy Collection.

29. Said communications constitute an unwarranted and wrongful intrusion into Plaintiff's private activities as well as intentional intrusion into the Plaintiff's solitude and seclusion.

30. The Defendant, Academy Collection, has committed the acts complained of herein in the State of Alabama.

31. As a proximate consequence of the invasion of the right of Plaintiff's privacy, the Defendant has caused the Plaintiff to suffer wrongful intrusion into the Plaintiff's private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

### COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff, Kristy Thompson, adopts and incorporates paragraphs 1 through 31 as if fully set out herein.

33. As a proximate consequence and result of the invasion of the right of privacy as delineated in Count II and as a result of making the telephone calls and threats, the Defendant's actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and coerce and create great mental and physical pain and damage. The Plaintiff was caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, weak and sick, and caused to suffer great fear, fright, and intimidation. The Defendant, Academy Collection, is a corporation, individual, or individuals employed by the corporation and have committed the acts complained of herein in the State of Alabama.

34. As a proximate consequence of the Defendant's intentional infliction of emotional distress, the Defendant has caused the Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

### COUNT IV - NEGLIGENT SUPERVISION

35. Plaintiff, Kristy Thompson, adopts and incorporates paragraphs 1 through 34 as if fully set out herein.

36. As a proximate consequence and result of the invasion of privacy and the intentional infliction of emotional distress, as delineated in Counts II and III, the Defendant's actions constitute negligent supervision and training of its personnel hired for the purpose of collecting debts.

37. The Defendant, Academy Collection, had notice or knowledge, either actual or presumed, of its servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendant, Academy Collection, in the exercise of due care must have had notice of such action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kristy Thompson, respectfully requests this Honorable Court enter judgment against the Defendant, Academy Collection Services, Inc., for the following:

a) Actual damages;

b) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c) Punitive damages;

d) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

e) For such other relief that is just.

Respectfully submitted,

BROCK & STOUT

_____
Gary W. Stout, Esq.
David G. Poston, Esq.
Michael D. Brock, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal02@centurytel.net