UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 NOV 29 A 9: 57

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KRISTY THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:06-cv-943 |
| | )       JURY DEMAND |
| ACADEMY COLLECTION | ) |
| SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Comes now Defendant Academy Collection Service, Inc. (hereinafter sometimes referred to as "Academy"), separately and severally, and for answer to plaintiff's Complaint states as follows:

### I. INTRODUCTION

1.      Academy denies any violation of the Fair Debt Collection Practices Act, the invasion of the Plaintiff's right of privacy, the infliction of intentional infliction of emotional distress, and negligent supervision. Further, Academy denies that the Plaintiff is entitled to any damages for actual, statutory, and punitive damages as alleged in paragraph one of Plaintiff's Complaint.

### II. JURISDICTION AND VENUE

2.      Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph two of Plaintiff's Complaint and, therefore, they are denied.

3.      Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph three of Plaintiff's Complaint and, therefore, they are denied.

## III. PARTIES

4. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph four of Plaintiff's Complaint and, therefore, they are denied.

5. Academy admits the allegations contained in paragraph five of Plaintiff's Complaint.

6. Academy admits the allegations contained in paragraph six of Plaintiff's Complaint.

## IV. FACTUAL ALLEGATIONS

7. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph seven of Plaintiff's Complaint and, therefore, they are denied.

8. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph eight of Plaintiff's Complaint and, therefore, they are denied.

9. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph nine of Plaintiff's Complaint and, therefore, they are denied.

10. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph ten of Plaintiff's Complaint and, therefore, they are denied.

11. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph eleven of Plaintiff's Complaint and, therefore, they are denied.

12. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph twelve of Plaintiff's Complaint and, therefore, they are denied.

13. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph thirteen of Plaintiff's Complaint and,

therefore, they are denied.

14. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph fourteen of Plaintiff's Complaint and, therefore, they are denied.

15. Academy has insufficient information to form a belief as to the truth or accuracy of the allegations contained in paragraph fifteen of Plaintiff's Complaint and, therefore, they are denied.

## COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES (FDCPA)

16. Academy adopts and incorporates its foregoing answers to paragraphs one through fifteen of Plaintiff's Complaint as if fully set out herein.

17. Academy denies the allegations contained in paragraph seventeen of Plaintiff's Complaint and demands strict proof thereof.

18. Academy denies the allegations contained in paragraph eighteen of Plaintiff's Complaint and demands strict proof thereof.

19. Academy denies the allegations contained in paragraph nineteen of Plaintiff's Complaint and demands strict proof thereof.

20. Academy denies the allegations contained in paragraph twenty of Plaintiff's Complaint and demands strict proof thereof.

21. Academy denies the allegations contained in paragraph twenty-one of Plaintiff's Complaint and demands strict proof thereof.

22. Academy denies the allegations contained in paragraph twenty-two of Plaintiff's Complaint and demands strict proof thereof.

23. Academy denies the allegations contained in paragraph twenty-three of Plaintiff's Complaint and demands strict proof thereof.

24. Academy denies the allegations contained in paragraph twenty-four of Plaintiff's Complaint and demands strict proof thereof.

25. Academy denies the allegations contained in paragraph twenty-five of

Plaintiff's Complaint and demands strict proof thereof.

## COUNT II - INVASION OF THE RIGHT OF PRIVACY

26. Academy adopts and incorporates its foregoing answers to paragraphs one through twenty-five of Plaintiff's Complaint as if fully set out herein.

27. Academy denies the allegations contained in paragraph twenty-seven of Plaintiff's Complaint and demands strict proof thereof.

28. Academy denies the allegations contained in paragraph twenty-eight of Plaintiff's Complaint and demands strict proof thereof.

29. Academy denies the allegations contained in paragraph twenty-nine of Plaintiff's Complaint and demands strict proof thereof.

30. Academy denies the allegations contained in paragraph thirty of Plaintiff's Complaint and demands strict proof thereof.

31. Academy denies the allegations contained in paragraph thirty-one of Plaintiff's Complaint and demands strict proof thereof.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Academy adopts and incorporates its foregoing answers to paragraphs one through thirty-one of Plaintiff's Complaint as if fully set out herein.

33. Academy denies the allegations contained in paragraph thirty-three of Plaintiff's Complaint and demands strict proof thereof.

34. Academy denies the allegations contained in paragraph thirty-four of Plaintiff's Complaint and demands strict proof thereof.

## COUNT IV - NEGLIGENT SUPERVISION

35. Academy adopts and incorporates its foregoing answers to paragraphs one through thirty-four of Plaintiff's Complaint as if fully set out herein.

36. Academy denies the allegations contained in paragraph thirty-six of

Plaintiff's Complaint and demands strict proof thereof.

37. Academy denies the allegations contained in paragraph thirty-seven of Plaintiff's Complaint and demands strict proof thereof.

### PRAYER FOR RELIEF

Academy denies that the Plaintiff is entitled to any of the relief she itemizes in sub-paragraphs a) through e) in the last paragraph of her Complaint.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant pleads not guilty.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

### THIRD DEFENSE

The Defendant denies each and every material averment of Plaintiff's Complaint and demands strict proof thereof.

### FOURTH DEFENSE

The Defendant denies it was guilty of any negligent/wanton conduct on the occasion complained of and further denies that any negligent/wanton conduct on its part proximately caused or proximately contributed to cause the Plaintiff's alleged injuries and damages.

### FIFTH DEFENSE

The Defendant avers that the Plaintiff was herself guilty of negligence on the occasion complained of and further aver that the Plaintiff's own negligence proximately caused or proximately contributed to cause her alleged injuries and damages.

### SIXTH DEFENSE

The Defendant pleads improper venue.

## SEVENTH DEFENSE

Plaintiff's claims may be subject to binding arbitration and, therefore, should be dismissed.

## EIGHTH DEFENSE

The Defendant denies it is guilty of any conduct for which punitive damages could or should be awarded and denies Plaintiff has produced clear and convincing evidence to support or sustain an award of punitive damages against this Defendant.

## NINTH DEFENSE

The Defendant pleads insufficiency of process.

## TENTH DEFENSE

The Defendant pleads insufficiency of service of process.

## ELEVENTH DEFENSE

The Defendant avers that the plaintiff's alleged injuries and damages are the proximate result of an intervening or superceding cause.

## TWELFTH DEFENSE

The Defendant avers that the Plaintiff's own actions or inactions caused or contributed to her alleged damages.

## THIRTEENTH DEFENSE

Plaintiff has failed to mitigate her alleged damages.

## FOURTEENTH DEFENSE

The Defendant denies that it breached any duty owing to the Plaintiff and further denies that any breach of duty to the Plaintiff on its part proximately caused or proximately contributed to cause the Plaintiff's alleged damages.

## FIFTEENTH DEFENSE

The Defendant avers that the Plaintiff's alleged damages were proximately or solely caused by the actions and/or omissions of someone other than this Defendant and over whom this Defendant possesses no right of supervision or control and for whose acts this Defendant is not legally responsible.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by Federal law.

### EIGHTEENTH DEFENSE

The Defendant pleads the borrowed servant doctrine.

### NINETEENTH DEFENSE

Plaintiff's claims are barred by *res judicata*.

### TWENTIETH DEFENSE

The Defendant denies that it is guilty of any act of omission and/or commission which was the proximate cause of damage to the Plaintiff and demands strict proof thereof.

### TWENTY-FIRST DEFENSE

The Defendant pleads that it did not breach the peace.

### TWENTY-SECOND DEFENSE

The Defendant denies it were guilty of any conduct which would entitle the plaintiff to recover punitive damages in this case.

### TWENTY-THIRD DEFENSE

This defendant pleads the provisions of Alabama Code §6-11-20 (1975).

## TWENTY-FOURTH DEFENSE

The Defendant pleads the provisions of Alabama Code §6-11-21 (Supp. 1995).

## TWENTY-FIFTH DEFENSE

On June 25, 1993, the Alabama Supreme Court released its opinion in <u>Henderson v. Alabama Power Co.</u>, 627 So.2d 878 (Ala. 193), and held that the cap on punitive damages established by Alabama Code §6-11-21 violated the Alabama Constitution. On June 24, 1994, the United States Supreme Court released its opinion in <u>Honda Motor Co., Ltd. v. Oberg</u>, ___ U.S. ___ (1994 WL 2766687) (June 24, 1194). In its opinion in <u>TXO</u> and <u>Haslip</u> prevent state courts from abolishing limits on punitive damage awards. The Court stated "[t]he <u>TXO</u> and <u>Haslip</u> opinions establish that states <u>cannot abolish limits on the award of punitive damages</u>." <u>Oberg</u>, ___ U.S. ___, (1994 WL 276687 at 9, n.9). Pursuant to the Supremacy Clause of the United States Constitution, <u>Oberg</u> overrules the Alabama Supreme Court's opinion in <u>Henderson</u> and reestablishes the cap on punitive damages under Alabama Code §6-11-21.

## TWENTY-SIXTH DEFENSE

The Defendant avers that any award of punitive damages to the plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama.

## TWENTY-SEVENTH DEFENSE

The Defendant avers that any award of punitive damages to the plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

## TWENTY-EIGHTH DEFENSE

The Defendant avers that any award of punitive damages to the plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-NINTH DEFENSE

The Defendant avers that any award of punitive damages to the plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### THIRTIETH DEFENSE

The Defendant avers that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the defendants are entitled to the same procedural safeguards accorded to criminal defendants.

### THIRTY-FIRST DEFENSE

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### THIRTY-SECOND DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### THIRTY-THIRD DEFENSE

The Defendant avers that any award of punitive damages to the plaintiff in this case will be violative of the Eight Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eight Amendment to the United States Constitution.

### THIRTY-FOURTH DEFENSE

The Defendant avers that any award of punitive damages to the plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama

1901 in that the damages would be an excessive fine.

### THIRTY-FIFTH DEFENSE

The plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following separate and several grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of an award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedure pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

### THIRTY-SIXTH DEFENSE

10

The plaintiff's claim for punitive damages violates the Dues Process Clause of Article l, Section 6 of the Constitution of Alabama on the following separate and several grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(©) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

(e) The award of punitive damages in this case would constitute deprivation of property without due process of law;

(f) The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof;

(g) The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages;

(h) The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined;

## THIRTY-SEVENTH DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-EIGHTH DEFENSE

11

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article 1, Section 15 of the Constitution of Alabama.

### THIRTY-NINTH DEFENSE

The Defendant reserves the right to add any and all additional defenses that discovery would reveal to be available.

### FORTIETH DEFENSE

The Defendant reserves the right to assert any counterclaims, cross-claims and/or to file third-party complaints should discovery reveal the necessity of such action.

_____
ASB-1539-O73W
Attorney for Academy Collection Service, Inc.

OF COUNSEL:

SCOTT, SULLIVAN STREETMAN & FOX, P.C.
2450 Valleydale Rd.
Birmingham, Alabama 35244
205-967-9675; FAX: 205-967-7563
wscott@sssandf.com

**DEFENDANT DEMANDS A TRIAL BY STRUCK JURY.**

_____
William A. Scott, Jr.

### CERTIFICATE OF SERVICE

I hereby certify that I have this __29th__ day of __November__, 2006, I filed the foregoing Answer with the Clerk of the Court and served a copy of the foregoing upon all counsel of record via electronic notice and by U. S. Mail, properly addressed and first-

class postage prepaid, to:

David Gerald Poston, Esq.
Gary Wyatt Stout, Esq.
Michael D. Brock, Esq.
Brock & Stout
P. O. Drawer 311167
Enterprise, AL 36331-1167
334-671-5555; FAX: 334-671-2689
david@circlecitylaw.com
brockstoutsherling@entercomp.com
brockandstout@yahoo.com

_____
William A. Scott, Jr.