IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KRISTY THOMPSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:06-cv-943 |
| ) | |
| ACADEMY COLLECTION SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed.R.Civ.P. 26(f), a conference was held on January 17, 2007 and was attended by:

| | |
|---|---|
| Gary W. Stout | William A. Scott, Jr. |
| Brock & Stout | SCOTT, SULLIVAN, STREETMAN & FOX, P.C., |
| P. O. Drawer 311167 | 2450 Valleydale Road |
| Enterprise, Alabama 36331 | Birmingham, AL 35244 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

2. Parties' Statements of the Case:

Plaintiff's Brief Narrative Statement of Facts:

The Plaintiff believes the evidence will demonstrate that the Defendant violated the Fair Debt Collection Practices Act. Without limitation, the Plaintiff asserts that the Defendant contacted her at her place of employment after being informed not to do so, used false, deceptive and misleading communications; falsely represented the communication was from an attorney or law office; and threatened to take action which could not legally be taken. The Plaintiff also asserts that the Defendant has invaded her right to privacy, intentionally inflicted emotional distress, and that the Defendant negligently supervised its employees under Alabama Tortuous theories of action.

Defendant's Brief Narrative Statement of Facts:

The Defendant believes evidence will show that the Defendant did not violate the Fair Debt Collection Practices Act, did not invade the Plaintiff's right to privacy, did not intentionally or

negligently inflict emotional distress and denies it negligently supervised its employees. Defendant denies the allegations listed in Plaintiff's narrative statement and demands strict proof.

       3.       Pre-Discovery Disclosures. The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) by January 29, 2007.

       4.       Discovery Plan. The parties jointly propose to the court the following discovery plan:

> Discovery will be needed on the following subjects: (1)the nature and content of telephonic communications between Defendant and Plaintiff as well as her co-workers; (2) the supervision of Defendant of its debt collectors who contacted the Plaintiff or her co-workers.
>
> All discovery commenced in time to be completed by August 10, 2007.
>
> Maximum of 25 interrogatories (including all discrete subparts) by each party to any other party. Responses due 30 days after service.
>
> Maximum of 35 requests for admission by each party to any other party. Responses due 30 days after service.
>
> Unless agreed upon by the parties or otherwise ordered by the court, maximum of 7 depositions by Plaintiff and 7 by Defendant.
>
> Each deposition is limited to a maximum of 8 hours unless extended by agreement of parties.
>
> Report from retained experts under Rule 26(a)(2) due:
>
> From Plaintiff:           June 1, 2007.
> From Defendants:      July 1, 2007.
>
> Supplementations under Rule 26(e) due thirty (30) days after discovery of additional information necessary to be disclosed.

       5.       Other Items: not applicable.

       6.       The parties do not request a conference with the court before entry of the scheduling order.

       7.       The parties request a pretrial conference in September, 2007.

       8.       Plaintiff should be allowed until February 1, 2007 to join additional parties and until February 1, 2007 to amend the pleadings.

      9.      Defendant should be allowed until February 1, 2007 to join additional parties and until February 1, 2007 to amend the pleadings.

      10.     All potentially dispositive motions should be filed by September 10, 2007.

      11.     Settlement cannot be evaluated prior to some initial discovery.

      12.     Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:
                From Plaintiff:         14 days before trial.
                From Defendant:      14 days before trial.

      13.     Parties should have 7 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

      14.     The case should be ready for trial by November 1, 2007 and at this time is expected to take approximately 1-2 days.

      15.     Other matters. Not applicable.


Date:    January 18, 2007.


| | |
|---|---|
| s/ Gary W. Stout | s/ William A. Scott, Jr. |
| Gary W. Stout | William A. Scott, Jr. |
| Brock & Stout | SCOTT, SULLIVAN, STREETMAN & FOX, P.C., |
| P. O. Drawer 311167 | 2450 Valleydale Road |
| Enterprise, Alabama 36331 | Birmingham, AL  35244 |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendant* |